IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RICKY L. BLANKENSHIP,**

**Petitioner,**

v.

Case No. 3:24-CV-02021-NJR

**D. SPROUL, Warden FCI Marion,**

**Respondent.**

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Petitioner Ricky L. Blankenship's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Blankenship is currently incarcerated at the Federal Correctional Institution in Marion, Illinois ("FCI Marion"). In his Petition, Blankenship attempts to challenge his sentence, which was imposed in the United States District Court for the Northern District of Florida. *See United States v. Ricky L. Blankenship*, 3:14-CR-00008-LC-1.[1] Specifically, Blankenship argues that the sentencing court erroneously applied a two-point enhancement under the sentencing guidelines which improperly increased his sentence.

Now, the Court must conduct a preliminary review of the Petition. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the

---

[1] The Court takes judicial notice of Blankenship's underlying criminal docket from the United States District Court for the Northern District of Florida.

judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

## BACKGROUND

In January 2014, a grand jury in the Northern District of Florida indicted Blankenship on multiple drug charges, including possession with intent to distribute and conspiracy to distribute cocaine and controlled substances. *United States v. Ricky L. Blankenship*, 3:14-CR-00008-LC-1, at Doc. 3. Blankenship eventually pleaded guilty to the charges against him. *Id.* at Docs. 44, 45. Originally, the district court sentenced Blankenship to a total of life in prison and ten years of supervised release. *Id.* at Doc. 60. In the years following the imposition of his sentence, Blankenship received two sentence reductions with an ultimate sentence of 200 months' imprisonment. *Id.* at Docs. 75, 83. Blankenship did not file an appeal or a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255.

## LEGAL STANDARD

Petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise challenges to the validity of a conviction or sentence; they may only challenge the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Generally, to collaterally attack a conviction or sentence, a federal prisoner must file a motion to vacate under 28 U.S.C. § 2255, not a petition for writ of habeas corpus under 28 U.S.C. § 2241. *Hogsett v. Lillard*, 72 F. 4th 819, 820 (7th Cir. 2023). Within the saving clause of § 2255(e), an application for writ of habeas corpus may be brought by a federal prisoner when the remedy by a § 2255 motion is inadequate or ineffective to test the legality of his detention. *Id.* at 821; 28 U.S.C. § 2255(e). In *Jones v. Hendrix*, the Supreme Court explained that "the saving clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable

to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." 599 U.S. 465, 478 (2023). The *Jones* Court held that the § 2255 remedy is not inadequate or ineffective merely due to a court's previous error in applying the law. *Id.* at 480.

## DISCUSSION

In his Petition, Blankenship asserts that the sentencing court applied a two-point enhancement to his base offense level under United States Sentencing Guidelines § 2D1.1(b)(1) for possession of a dangerous weapon (including a firearm) during the offense. (Doc. 1). He urges that this enhancement was inappropriate because neither he nor his co-defendant received a charge or conviction for possessing a gun, firearm, or weapon. (*Id.*). Ultimately, he seeks to have the enhancement removed and to have his sentence recalculated and reduced. (*Id.*). Notably, Blankenship acknowledges that he is time-barred from filing a § 2255 motion to vacate. (*Id.*)

As Blankenship seeks to collaterally challenge his sentence and address a perceived legal error committed by the sentencing court, he is not entitled to relief under § 2241. Blankenship failed to file a § 2255 motion in the sentencing court, and now must rely on the saving clause in § 2255(e) to apply for a writ of habeas corpus under § 2241. But the saving clause does not provide Blankenship access to recourse through § 2241, because § 2255(a) expressly allows an applicant to challenge his sentence and to seek correction of that sentence. *See* 28 U.S.C. § 2255(a). Thus, the remedy by a § 2255 motion is adequate and effective to address Blankenship's claims.

It is plain that he is not entitled to relief. Therefore, Blankenship's petition cannot survive preliminary review and the Court must dismiss the Petition.

## CONCLUSION

The Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus filed by Petitioner Ricky L. Blankenship (Doc. 1) is **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

DATED:   October 24, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**